Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ANGELINI a/k/a TRIXTER, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>STUDIO MANHATTAN, LLC, a New York Limited Liability Company; UNITED STREET OF ART, a business entity of form unknown; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

ERIC ANGEL a/k/a TRIXTER ("ANGELINI"), by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

ANGELINI is a highly respected artist. He has a compelling portfolio of works that he displays and markets. Certain designs from his artistic portfolio have been misappropriated and used without permission by the Defendants, and each of them.

These Defendants unlawfully developed, distributed, marketed, published, and sold product bearing ANGELINI'S artwork, and did so without authorization from ANGELINI. This action follows to address the infringement.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. ANGELINI is an individual residing in the state of California in the United States.

5. Plaintiff is informed and believes and thereon alleges that STUDIO MANHATTAN, LLC ("STUDIO") is a New York limited liability company, with its principal place of business located at 170 Mulberry Street, New York, New York 10013, and is doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that UNITED STREET OF ART ("STREET") is a business entity of unknown form, with its principal place of business located at 1444 West 178th Street, Gardena, California, 90248.

7. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10,

inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S ARTWORK

9. Plaintiff created and exclusively owns an original two-dimensional graffiti artwork entitled *Mike Dream Memorial* ("Subject Artwork") as a memorial piece for his friend Mike Dream, which has been registered with the United States Copyright Office.

10. Prior to the acts complained of herein, Plaintiff's *Mike Dream Memorial* piece was publicly visible and could be viewed by anyone driving along the 101 freeway or the 280 freeway in San Francisco, California.

11. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Artwork, STUDIO, STREET, DOE Defendants, and each of them distributed and/or sold products featuring a design which is substantially similar to the Subject Artwork (hereinafter "Subject Products") without Plaintiff's authorization.

12. Images of the Subject Artwork and one non-inclusive exemplar[1] of the Subject Products are set forth hereinbelow:

### Subject Artwork



### Subject Product



### FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

---

[1] The allegations in this complaint are made as to all products that Defendants, or any of them, created, obtained, marketed, distributed, displayed, or sold that incorporate, in whole or in part, one or both of the Subject Artwork. This includes all shapes, sizes, colors, products, and forms.

4
COMPLAINT

13. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

14. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Artwork, including, without limitation, through (a) access to the publicly visible work on _____ (street); (b) access to Plaintiff's website; (c) access to Plaintiff's products, its customers products, or illegally distributed copies of Subject Artwork by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas companies; (d) access to Plaintiff's materials and samples.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Artwork and by producing, distributing and/or selling Subject Products in numerous forms through a nationwide network of retail stores, catalogues, and through on-line websites.

16. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial, including without limitation lost profits, royalties, and a diminution in the value of the misappropriated works.

17. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Artwork. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of Subject Artwork in an amount to be established at trial.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were,

and continue to be, willful, intentional and malicious. Such misconduct provides the basis on which Plaintiff seeks damages in an amount of to $150,000.00 per the Copyright Act and/or an order precluding Defendants, and each of them, from offering certain legal defenses and positions.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

19. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

20. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Artwork as alleged hereinabove.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

22. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

23. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Artwork, in an amount to be established at trial.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make his election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in Subject Artwork;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

| | | |
|---|---|---|
| Dated: February 9, 2018 | | Respectfully submitted, |
| | By: | */s/ Scott Alan Burroughs* |
| | | Scott Alan Burroughs, Esq. |
| | | Trevor W. Barrett, Esq. |
| | | DONIGER / BURROUGHS |
| | | Attorneys for Plaintiff |

8
COMPLAINT